UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BARBARA ANN LINDSLEY,

                            Plaintiff,        **No. 1:15-cv-876(MAT)(HBS)**
                                              **DECISION AND ORDER**
                -vs-

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                            Defendant.

_____

## INTRODUCTION

This matter comes before the Court following a Report & Recommendation ("R&R") (Dkt #18) filed on October 24, 2016, by Hon. Hugh B. Scott, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72(b) and (c) of the Western District of New York. In the R&R, Magistrate Judge Scott recommended that the Commissioner's decision denying Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") to Barbara Ann Lindsley ("Plaintiff") be affirmed in full.

## BACKGROUND

On January 5, 2010, Plaintiff filed applications for DIB and SSI ("the First Applications"). (T.60, 61).[1] On March 28, 2012, an administrative law judge issued a decision finding that Plaintiff was not disabled (T.17-32). The Appeals Council denied Plaintiff's request for review on May 28, 2013. (T.1-5).

---

[1]

Numerals in parentheses preceded by "T." refer to pages from the transcript of the administrative record.

On July 19, 2013, Plaintiff filed subsequent applications for DIB and SSI ("the Second Applications"), which were granted on October 15, 2013, at the initial administrative level, by a single decision-maker ("SDM") (T.788-89; 790-96). The SDM found that Plaintiff was disabled as of March 29, 2012, the day after the ALJ's unfavorable decision on the First Applications. (T.789, 790).

On July 25, 2013, Plaintiff commenced an action in this District appealing the denial of the First Applications. See Lindsley v. Colvin, No. 1:13-cv-00771 (W.D.N.Y.). On September 8, 2014, Hon. Richard J. Arcara, United States District Judge, adopted the R&R issued on August 11, 2014, by Magistrate Judge Scott, and remanded the First Applications for further administrative proceedings. (T.798-812).

On November 10, 2014, the Appeals Council reopened the favorable determination made on the Second Applications because it found "good cause" to do so based upon a review of the evidence in the record. (T.720). The Appeals Council explained that the SDM had improperly concluded that Plaintiff had "marked" limitations in both maintaining social functioning and maintaining concentration, persistence, or pace. The Appeals Council then consolidated the First and Second Applications, and directed Administrative Law Judge Timonthy McGuan ("the ALJ") to render a decision on both sets of claims. (T.717-18, 813-16). On August 19, 2015, the ALJ issued a decision, finding that Plaintiff has not been under a disability

at any time relevant to the First and Second Applications. (T.667-92).

Represented by counsel, Plaintiff timely commenced the instant action, and both parties moved for judgment on the pleadings. Magistrate Judge Scott issued his R&R on October 24, 2016, finding that the Commissioner's decision should be affirmed. Specifically, the R&R found that (1) the Appeals Council had good cause to reopen the favorable determination on the Second Applications; (2) the ALJ appropriately considered the opinion by Physician's Assistant Lemley; and (3) the ALJ appropriately considered the opinion by Nurse Practitioner Kleckner.

Through her attorney, Plaintiff filed Objections ("Pl's Obj.") (Dkt #19) to the R&R on November 7, 2016. The only issue raised in Plaintiff's Objections is whether the Magistrate Judge erred when he found that the Appeals Council properly reopened the original favorable determination rendered on Plaintiff's Second Applications. The Acting Commissioner of Social Security Carolyn W. Colvin ("the Commissioner") filed a Response to Plaintiff's objections, and Plaintiff filed a Reply. The matter subsequently was transferred to the undersigned.

For the reasons discussed below, the Court adopts the R&R in full and dismisses Plaintiff's Complaint.

**STANDARD OF REVIEW**

"In reviewing the R&R of a dispositive matter from a magistrate judge, the district court 'may adopt those portions of the Report to which no objections have been made and which are not facially erroneous.'" Nansaram v. City of N.Y., No. 12-CV-5038 NGG RLM, 2015 WL 5518270, at *2 (E.D.N.Y. Sept. 17, 2015) (quotation and citation omitted); see also FED. R. CIV. P. 72(b), Advisory Comm. Notes (when a party makes no objection, or only general objections to a portion of an R&R, the district judge reviews it for clear error or manifest injustice). To preserve a claim for review by the district court, the party must make sufficiently specific objections to the R&R. E.g., Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002). When, however, a party makes specific objections, the district judge must undertake a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made[,]" 28 U.S.C. § 636(b)(1)(C), and "may . . . receive further evidence[.]" Id.

**PLAINTIFF'S OBJECTIONS**

**I.   Erroneous Conclusion that the Commissioner Appropriately Re-Opened the Second Applications**

**A.   Overview**

Plaintiff limits her Objections to whether it was appropriate for the Commissioner to reopen the award of benefits on the Second

Applications based on its finding that the September 23, 2013, report of consultative psychologist Dr. Kavitha Finnity, relied on by the SDM, did not support the SDM's finding of "marked" limitations in two domains of mental functioning. (T.717-18, 813-16).  As discussed further below, the Court agrees with the R&R's conclusion on this issue.

**B.    Applicable Regulations and Legal Standard**

The Appeals Council may reopen a DIB determination or decision within four years of the date of the notice of the initial determination if there is "good cause." 20 C.F.R. § 404.988. An SSI determination or decision may be reopened within two years of the date of the notice of the initial determination if there is "good cause." 20 C.F.R. § 416.1488). "Good cause" to reopen a decision exists if there is new and material evidence, a clerical error, or the evidence considered in making the decision clearly shows on its face that there was an error. 20 C.F.R. §§ 404.989 and 416.1489.

**C.    Analysis**

Here, the Appeals Council reopened the favorable determination on November 10, 2014, less than two years after the October 15, 2013 initial determination. The Appeals Council stated that it had found that there was clear error in the SDM's decision. (T.720-23).

The R&R correctly noted that because the Appeals Council's decision to re-open Plaintiff's favorable decision on the Second Applications came more than one year after that decision, the

Commissioner's regulations required the Appeals Council to show "the evidence that was considered in making the determination or decision *clearly shows on its face* that an error was made[.]" (R&R (Dkt #18) at 11 (citing 20 C.F.R. § 404.989(a) (1)-(3); 20 C.F.R. § 416.1489(a)) (emphasis in original)).

In finding good cause to reopen, the Appeals Council explained that Plaintiff had been found disabled in October 2013, because the SDM concluded that she met Listing 12.06 (Anxiety Related Disorders). (T.721-22). To meet Listing 12.06, Plaintiff was required to satisfy the criteria in both Paragraphs A and B or, alternatively, the criteria in Paragraphs A and C. See 20 C.F.R. Part ("Pt.") 404, Subpart ("Subpt.") P, Appendix ("App.") 1. Paragraphs A and C are not at issue in this proceeding. At the time in question, Paragraph B of Listing 12.06 required "at least two of the following: 1. [m]arked restriction of activities of daily living; or 2. [m]arked difficulties in maintaining social functioning; or 3. [m]arked difficulties in maintaining concentration, persistence, or pace; or 4. [r]epeated episodes of decompensation, each of extended duration." 20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 12.06(B). The SDM found that Plaintiff met Paragraph B of the Listing because she had "marked" limitations in the following two domains: (1) maintaining social functioning, and (2) maintaining concentration, persistence, or pace. (T.795). As

support, the SDM cited only the medical source statement provided by consultative psychologist Dr. Finnity. (T.722, 793, 936).

However, the Appeals Council found, Dr. Finnity's report on its face did not support a finding that Plaintiff had "marked" limitations in the two aforementioned domains of functioning. (T.722). Specifically, during the consultative examination in September 2013, Dr. Finnity found that Plaintiff's attention and concentration were intact, as were her recent and remote memory. (T.935). Dr. Finnity also noted that Plaintiff was cooperative with an adequate manner of relating. (T.935). Although Plaintiff told Dr. Finnity that she did not socialize with friends, she reported having good relationships with her family. (T.936). Dr. Finnity then opined that

> there is *no evidence of limitation* in the [Plaintiff]'s ability to follow and understand simple directions, perform simple tasks, or *maintain attention and concentration*. She is *moderately limited in her ability to maintain a regular schedule* due to psychiatric symptoms. There is no evidence of limitation in the claimant's ability to learn new tasks, perform complex tasks, or make appropriate decisions. She is *moderately limited in her ability to relate with others and deal with stress*.

(T.936) (emphases supplied).

The R&R observed that the SDM relied on Dr. Finnity's opinion that Plaintiff was "moderately limited" in maintaining a regular schedule to find that she had a "marked" limitation in maintaining concentration, persistence, or pace. (T.793, 795). Dr. Finnity's opinion that Plaintiff had a "moderate" limitation in relating with

others was, according to the SDM a "marked" limitation in maintaining social functioning. (T.793, 795). The Court notes that the SDM apparently ignored Dr. Finnity's finding of "no evidence of limitation" in Plaintiff's "ability . . . to maintain attention and concentration." (T.963). In this Court's opinion, that omission alone was sufficient to demonstrate "clear error" on the face of the SDM's decision. In short, the Court agrees with the R&R that the Appeals Council reasonably found that there was clear error on the face of the SDM's decision, which constituted good cause for reopening the Second Applications.

Plaintiff argues that a different interpretation of Dr. Finnity's opinion is possible, and suggests that perhaps the combined effects of the different moderate limitations, in conjunction with Dr. Finnity's report, could have equaled one or more marked limitations. The Court finds this argument to be without merit. First, as noted above, Dr. Finnity found "*no evidence of limitation* in the [Plaintiff]'s ability to follow and understand simple directions, perform simple tasks, or *maintain attention and concentration*[.]" (T.963) (emphasis supplied). In this statement, Dr. Finnity gave a clear and unequivocal opinion as to one of the critical domains of functioning in Paragraph B of Listing 12.06. The fact that Dr. Finnity might have thought Plaintiff was moderately limited in her ability to maintain a

regular schedule only indirectly bears upon her ability to maintain attention, concentration or pace.

Plaintiff also argues that even assuming that the SDM only relied on Dr. Finnity's statement, "it is not clear that the combined effect of the multiple 'moderate' limitations noted by Dr. Finnity, when read in conjunction with her report, could not lead a reasonable decision maker to conclude that she had overall 'marked' impairments in the requisite paragraph B criteria of 12.06." According to Plaintiff, the R&R recognized Plaintiff's reading of Dr. Finnity's report as "plausible." (See R&R (Dkt #18) at 13). While it is true that the R&R stated that "[a]s plaintiff notes (Docket No. 11, Pl. Memo. at 36), Dr. Finnity's findings can be read different ways[,]" Plaintiff omits the remainder of the sentence which states that "there was no clear statement from Dr. Finnity to support a conclusion that [P]laintiff had **marked** limitations in these areas." (R&R at 13 (bolded text in original)).

Furthermore, Plaintiff's argument that the combined effect of the different "moderate" limitations, in conjunction with Dr. Finnity's report, could have equaled a "marked" limitation, is unsupported by the record. The Court agrees with the R&R that there is "no record [evidence] to support the graver degree of limitation of 'marked' for either characteristic [i.e., maintaining attention and concentration and maintaining social functioning]." (R&R at 13

(citing 20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 12.00(C) (defining "marked" as "more than moderate but less than extreme")).[2]

Plaintiff also argues that the fact the SDM did not cite other evidence besides Dr. Finnity's opinion does not mean that the SDM did not consider other evidence. Plaintiff relies on Brault v. Soc. Sec. Admin., 683 F.3d 443 (2d Cir. 2012), for the proposition that "'[a]n ALJ's failure to cite specific evidence does not indicate that such evidence was not considered.'" Id. at 448 (quoting Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998)). An important caveat, however, is that the Court still must be able to discern the adjudicator's rationale for his ultimate decision. See, e.g., Mongeur v. Heckler, 722 F.2d 1033, 1040 (2d Cir. 1983) (per curiam). (stating that where "the evidence of record permits [the court] to glean the rationale of an ALJ's decision, [the court] do[es] not require that he have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability"). Here, neither the Appeals Council, nor the Magistrate Judge could discern the SDM's rationale for finding that Plaintiff had "marked" limitations is maintaining social

---

[2]    In the context of childhood SSI determinations, the Social Security Administration has stated, "We do not believe that it would be consistent with the statutory definition of disability to allow a child to be found disabled based on one marked and two moderate limitations, or multiple moderate limitations," because "'[m]oderate' limitations represent a wide spectrum, ranging from just above 'slight' to just below 'marked' . . . ." Supplemental Security Income; Determining Disability for a Child Under Age 18, 65 FR 54746-01, *54763, 2000 WL 1275708(F.R.) (S.S.A. Sept. 11, 2000).

functioning and maintaining concentration, persistence, or pace. Nor can this Court. Therefore, the Court lacks a basis for concluding that the SDM relied on evidence apart from Dr. Finnity's opinion in reaching the conclusion on disability. Moreover, after reviewing the record, this Court agrees with the Appeals Council that the evidence submitted in support of the Second Applications did not support the SDM's conclusion that Plaintiff was under a disability as of March 29, 2012. Indeed, on March 29, 2012, Plaintiff's case at Genesee County Mental Health was closed due to lack of staff and a belief that Plaintiff had developed enough skills and knowledge to continue maintaining her current level of functioning. (T.1181-82). Her GAF score on discharge was 60. (T.1182).

The opinion evidence on which Plaintiff relies as possible support for the SDM's decision is not entitled to controlling weight and is not persuasive. First, as Plaintiff concedes, Nurse Practitioner ("N.P.") Kleckner is not an acceptable medical source. See 20 C.F.R. §§ 404.1513(a), (d), 404.1527(a)(2), 416.913(a),(d), 416.927(a)(2); see also SSR 06-3p. And, as the ALJ found, N.P. Kleckner did not identify any mental limitations or impairments that precluded Plaintiff from working, instead stating that Plaintiff could not work because she had to attend psychological appointments. (T.689-90, 1209). A finding of disability must rest on a claimant's medically determinable impairment, not on factors

such as the need to attend appointments. See SSR 96-8P, 1996 WL 374184, at *1 (S.S.A. July 2, 1996) ("It is incorrect to find that an individual has limitations beyond those caused by his or her medically determinable impairment(s) and any related symptoms, due to such factors as age and natural body build, and the activities the individual was accustomed to doing in his or her previous work."). The other opinion Plaintiff cites, which was offered by Physician's Assistant ("P.A.") Lemley, is not entitled to controlling weight because she also was not an acceptable medical source. P.A. Lemley's opinion that Plaintiff very limited in functioning at a consistent pace (T.1272) does not support the SDM's conclusion that Plaintiff meets Listing 12.06 based on an anxiety disorder, because P.A. Lemley also found that Plaintiff had *no* limitations in most work-related areas. (T.1274 (finding no limitation in understanding, remembering, and carrying out instructions; maintaining attention and concentration; and maintaining personal hygiene; and either no or no-to-moderate limitation in interacting appropriately with others and maintaining socially appropriate behavior). P.A. Lemley's opinion regarding Plaintiff's ability function at a consistent pace appears to be an outlier in light of the remainder of her report and, in any event, does not refute the Appeals Council's finding of clear error on the face of the SDM's decision.

**CONCLUSION**

For the foregoing reasons, the Court adopts the R&R (Dkt #18) in full. The Commissioner's Motion for Judgment on the Pleadings is granted, and Plaintiff's Motion for Judgment on the Pleadings is denied. The Commissioner's decision is affirmed. Plaintiff's Complaint is dismissed. The Clerk of Court is directed to close this case.

**SO ORDERED**

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:    February 3, 2017
          Rochester, New York